IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**LINDSEY JOHNSON, Individually and on**                                             **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                         No. 6:20-cv-6042-RTD

**JGOO, INC., and OSWALDO OSEGUERA**                                    **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Lindsey Johnson ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Sean Short and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant JGOO, Inc., and Oswaldo Oseguera (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I. INTRODUCTION

1. Plaintiff, individually and on behalf of all other servers employed by Defendant, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq*. ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiff and all others similarly situated minimum and overtime wages as required by the FLSA and AMWA.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the

FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Hot Springs Division of the Western District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is a citizen and resident of Garland County.

7. Defendant JGOO, Inc. ("JGOO"), is a domestic, for-profit corporation.

8. JGOO does business as Bleu Monkey Bar & Grill.

9. JGOO's registered agent for service of process is Oswaldo Oseguera, at 4263 Central Avenue, Hot Springs National Park, Arkansas 71913.

10. Defendant Oswaldo Oseguera is an individual and a resident of Arkansas.

11. Defendants maintain a website at http://www.bleumonkeygrill.com/.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Oseguera is the owner, principal, officer and/or director of JGOO.

14. Oseguera manages and controls the day-to-day operations of JGOO, including but not limited to the decision to not pay Plaintiff a proper minimum wage or sufficient premium for hours worked in excess of forty (40) per week

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

17. Defendant was Plaintiff's employer and the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d), at all times relevant to this lawsuit.

18. Defendant owns and operates a restaurant in Hot Springs called Bleu Monkey Bar & Grill.

19. Plaintiff worked for Defendant during the three years preceding the filing of this Complaint.

20. At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

21. Plaintiff was employed by Defendant as a server at Defendant's restaurant in Hot Springs during the time period relevant to this lawsuit.

22. Plaintiff was employed as a server from June of 2019 to August of 2019.

23. Plaintiff and other servers worked as hourly, non-exempt employees.

24. Defendant pays its servers less than the minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendant purports to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

25. Defendant does not inform its employees of the provisions of 29 U.S.C. § 203(m).

26. As servers, Plaintiffs and other servers performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as opening the restaurant and rolling silverware ("non-tipped work").

27. Plaintiffs and other servers were required to work at $3.60 per hour when the dining room was closed, when they were doing side work not in the dining room, and also when they were doing cut work or closing the restaurant.

28. Upon information and belief, Defendant does not distinguish between time spent by servers on tipped work and time spent by servers on non-tipped work.

29. Non-tipped duties occupy more than twenty percent of Plaintiff's time and the time of other servers.

30. Defendant paid Plaintiff and other servers the same rate—below the applicable minimum wages—for both tipped work and non-tipped work.

31. As a result of the policies put in place by Defendant, Plaintiff and other servers were often required to perform non-tipped work for less than minimum wage.

32. Plaintiff other tipped servers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

33. Plaintiff and other servers regularly worked over forty hours per week.

34. Defendant did not pay a proper overtime rate for hours over 40 per week.

35. When Plaintiff was hired, she was required to participate in job training for which she was not paid.

36. Upon information and belief, other servers were, upon hire, required to participate in job training for which they were not paid.

37. Because of the time Plaintiff and other servers spent in training, Defendant failed to compensate Plaintiff and other servers for all hours worked.

38. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other tipped servers violated the FLSA and AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

39. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

40. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

41. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

42. Plaintiff brings her FLSA claims on behalf of all servers who were paid tips employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. A lawful minimum wage for all hours worked;

    B. An overtime premium for all hours worked over forty in a week;

    C. Liquidated damages; and

  D.  Attorney's fees and costs.

  43.  In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file her written Consent to Join this lawsuit.

  44.  The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

  45.  The members of the proposed FLSA Collective are similarly situated in that they share these traits:

  A.  They were subject to Defendant's common policy of paying less than minimum wage;

  B.  They were subject to Defendant's common policy of requiring off-the-clock hours and/or they were subject to Defendant's common policy of failing to pay an overtime premium for all hours worked over forty (40) in a week;

  C.  They spent more than 20% of their time performing non-tipped duties for Defendant; and

  D.  They were paid hourly.

  46.  Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds fifty (50) persons.

  47.  Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing

addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

48. At all relevant times, Defendant directly hired members of the FLSA Collective to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

49. At all relevant times, each member of the FLSA Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI. FIRST CLAIM FOR RELIEF
(Collective Action Claim for Violation of the FLSA)

50. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

51. This is a collective action filed on behalf of all tipped servers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid wages because they were required to spend more than 20% of their time on non-tipped duties, were required to work off the clock, and/or did not receive an overtime premium for all hours worked over forty (40) in a week.

52. Plaintiff brings this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

53. At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

54. At all relevant times, Plaintiff and all similarly situated employees have

been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

55. At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

56. Defendant failed to pay Plaintiff and all similarly situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

57. Defendant failed to pay Plaintiff and all similarly situated employees a proper overtime rate for all hours worked over forty each week.

58. Defendant required Plaintiffs and all similarly situated employees to work hours which went unrecorded and uncompensated.

59. Because these employees are similarly situated to Plaintiff, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All servers within the past three years.**

60. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff and other similarly situated employees for all hours worked at the standard minimum wage under the FLSA because Defendant paid Plaintiff and other similarly situated employees $2.63 per hour for non-tipped work.

61. Defendant's violations entitle Plaintiff and all other similarly situated employees to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage and overtime rate, less the amount of wages actually received.

62. Defendant's violations entitle Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to

compensatory damages.

63. Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII. SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

64. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

65. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

66. At all relevant times, Plaintiff has been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

67. At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

68. Defendant failed to pay Plaintiff the minimum wages required under the FLSA for tipped work and for non-tipped work.

69. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff for all hours worked at the standard minimum wage under the FLSA because Defendant paid Plaintiff $3.60 per hour for non-tipped work.

70. Defendant failed to pay Plaintiff a proper overtime premium for all hours worked over forty (40) in each week.

71. Defendant failed to pay Plaintiff for all hours worked, including hours Plaintiff spent in mandatory training.

72. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage and

overtime rate, less the amount of wages actually received.

73. Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

74. Plaintiff is entitled to an award of her attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of AMWA)

75. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

76. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

77. At all relevant times, Plaintiff has been an "employee" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

78. At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

79. Defendant failed to pay Plaintiff the minimum wages required under the AMWA for tipped work and for non-tipped work.

80. Defendant failed to pay Plaintiff a proper overtime premium as required under the AMWA for all hours worked over forty (40) in a week.

81. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

82. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at

least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

83. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

84. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, she is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lindsey Johnson, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. A declaratory judgment that Defendant's practices alleged herein violate the AMWA Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

E. Certification of, and proper notice to, together with an opportunity to

participate in the litigation, all qualifying current and former employees;

F. Judgment for damages for all unpaid back wages at the applicable minimum wage and overtime wage owed to Plaintiff and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

G. Judgment for damages for all unpaid back wages at the applicable minimum wage and overtime wage owed to Plaintiff and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

H. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid back wages from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiff and members of the class and collective;

I. Judgment for liquidated damages pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations

J. An order directing Defendant to pay Plaintiff and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

K. Such other relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**LINDSEY JOHNSON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com