IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LINDSEY JOHNSON, Individually and on
Behalf of All Others Similarly Situated                                                    PLAINTIFF

v.                              NO. 6:20-CV-06042

JGOO, INC., and OSWALDO OSEGUERA                                                DEFENDANTS

## ORDER

This case concerns a collective action filed by Lindsey Johnson for alleged minimum wage and overtime violations of the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA). Johnson has also filed an individual cause of action for retaliation. Johnson pleads she was employed as a server at Bleu Monkey Restaurant & Grill from June 2019 to August 2019. Separate Defendant JGOO, Inc., owns Bleu Monkey. Separate Defendant Oswaldo Oseguera stipulates that he was a stockholder in JGOO. He further stipulates that he manages the day-to-day operations of Bleu Monkey. Oseguera has filed a motion to dismiss for insufficient service of process and for failure to state a claim. (ECF No. 17). Johnson has filed a response in opposition. (ECF No. 20). The motion is ripe for consideration. For the reasons that follow, Oseguera's motion will be denied.

For a federal court to exercise personal jurisdiction, "the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Rule 4 of the Federal Rules of Civil Procedure provides that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." FED. R. CIV. P. 4(e)(2)(A). "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.32d

838, 843 (8th Cir. 1993).  Once the plaintiff submits evidence of service, the party challenging the sufficiency of service of process has the burden of showing that service was improper.  *See Denovo Brands, LLC v. GCI Outdoor, Inc.*, 2019 WL 4467655, at *1 (W.D. Ark. Sept. 18, 2019).  In the present case, Johnson has provided the court with proof of service upon Oseguera.  The service form indicates that Oseguera was personally served on April 15, 2020.  (ECF No. 14).  Thus, the form establishes a prima facie showing of service, and the burden shifts on Oseguera to show that the complaint and summons were not received.  *Denovo*, 2019 WL 4467655, at *1.  As support for his motion, Oseguera has attached two proofs of service addressed to JGOO.  ECF Nos. 17-1 & 17-2.  However, Oseguera has failed to submit an affidavit or other evidence showing that he was not served individually.  Accordingly, the Court finds that Oseguera was served in accordance with Rule 4.

Furthermore, Oseguera contends that 12(b)(6) dismissal is proper.  He argues that dismissal should be granted because Johnson's allegations are primarily directed toward JGOO.  When viewing the facts in the light most favorable to Johnson, she pleads that both JGOO and Oseguera had unified operational control and management over their employees.  Johnson claims that JGOO and Oseguera established and intentionally maintained unlawful minimum wage and overtime policies.  Specifically, she pleads that she was not paid the minimum wage or compensated for overtime work.  Johnson also claims that she was terminated by JGOO and Oseguera after she participated in a federal investigation of another restaurant owned and operated by Oseguera.  Thus, Johnson pleads sufficient factual detail to support her FLSA, AMWA, and retaliation claims.  *See Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020) (stating a complaint must plead sufficient facts to state a facially plausible claim for relief) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

IT IS HEREBY ORDERED that Separate Defendant Oswaldo Oseguera's motion to dismiss (ECF No. 17) is DENIED.

**IT IS SO ORDERED this 6th day of August, 2020.**

/s/ Robert T. Dawson
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE